IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| KENNETH PRUITT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-263 |
| § | |
| ORION MARINE GROUP, INC., § | |
| § | RULE 9(h) ADMIRALTY |
| Defendant. § | |

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kenneth Pruitt ("Plaintiff") brings this action against Defendant Orion Marine Group, Inc. ("Defendant") for personal injuries allegedly sustained by Plaintiff while Plaintiff was working as a carpenter for Defendant. Defendant filed a Motion for Summary Judgment, and Plaintiff filed a timely Response thereto. For the reasons stated below, Defendant's Motion is respectfully **DENIED**.[1]

**I. Background**

Defendant is engaged in building a dock in the Houston ship channel, and Plaintiff was employed by Defendant to help build the dock. Plaintiff worked as part of the Form Crew, which included working as a carpenter, and, according to Plaintiff, sometimes a rigger, operator, and welder. The Form Crew and the supplies they needed for constructing the dock were transported up and down the dock on barges. The 640 foot-long dock runs parallel to the shore and extends 40 yards out into the Houston Ship Channel. Plaintiff was allegedly injured when he fell off the dock.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Defendant claims that the presence of any Form Crew members on the deck of a barge was purely incidental to building the dock. Thus, according to Defendant, Plaintiff should be classified as a shoreside worker, not a seaman. If Plaintiff is not a seaman, then the Jones Act, which is the basis for Plaintiff's federal cause of action, does not apply. Plaintiff, on the other hand, claims that he was a Jones Act seaman because he spent 70-80% of his time on the barges or on tug boats owned by Defendant and was often exposed to the special hazards and traditional perils of the sea.

**II. Legal Standard**

*A. Summary Judgment*

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1956). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[2] *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g., Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003).

If the evidence would permit a reasonable fact finder to find in favor of the non-moving party,

---

[2]However, if the moving party "bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S. Ct. at 2512. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See id.* at 255, 106 S. Ct. at 2513.

*B. Jones Act*

The Jones Act provides a federal right of action for damages to seamen injured in the course of their employment. *See* 46 U.S.C. App. § 688. The Supreme Court has identified "two basic elements" of seaman status: (1) "the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission," and (2) "the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376, 115 S. Ct. 2172, 2194, 132 L. Ed. 2d 314 (1995). Furthermore, the Jones Act remedy is reserved for those maritime employees whose work "regularly exposes them to 'the special hazards and disadvantages to which they who go down to sea in ships are subject.'" *Id.* at 370 (citing *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 104 (1946)); *see also Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560 (1997) ("Jones Act coverage is confined to seamen, those workers who face regular exposure to the perils of the sea.").

**III. Analysis**

Defendant's sole argument is that Plaintiff is not a Jones Act seaman. Defendant claims that, regardless of the actual amount of time Plaintiff spent on barges and tugs, he was a land-based employee. Defendant points to various evidence in the Record indicating that Plaintiff is a land-based

worker, including the following: Plaintiff drove to work every day, Plaintiff signed on each day on land, Plaintiff attended daily safety meetings on land, Plaintiff was working as a carpenter building a land-based dock, and Plaintiff sustained his injuries falling from a land-based dock, not a vessel.

Plaintiff does not dispute Defendant's evidence regarding his connection to the land. Rather, Plaintiff presents summary judgment evidence via deposition testimony that indicates he spent a substantial amount of his working time on vessels and engaged in numerous maritime activities that exposed him to traditional maritime perils. For example, Plaintiff testified that he helped prepare the vessels for movement, assisted in the maneuvering of the barges while they were traversing up and down the dock, sometimes jumped from tug to barge, often helped moor the vessels, searched for employees that had fallen in the water, and wore a life vest at all times.

This case presents numerous factual nuances that are best left to the trier-of-fact. Plaintiff has met his evidentiary burden as it is clear that Plaintiff spent time working on the vessels and engaged in activities in connection with the vessels to a degree sufficient to cause reasonable minds to differ regarding his seaman status. Thus, Defendant's Motion for Summary Judgment is **DENIED**.

## IV. Conclusions

For the reasons stated above, the Defendant's Motion for Summary Judgment is **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 27th day of February, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge